IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN A. HARRINGTON,<br>      Plaintiff,<br><br>vs.<br><br>COMPREHENSIVE HEALTHCARE<br>MANAGEMENT SERVICES, LLC t/d/b/a<br>BRIGHTON REHABILITATION AND<br>WELLNESS CENTER,<br>      Defendant. | Civil Action No.  2:21-cv-1104<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff Susan A. Harrington (herein "Harrington"), by her attorney, Domenic A. Bellisario, Esquire, and sets forth the following:

### JURISDICTION AND VENUE

1. This action is brought and jurisdiction lies pursuant to the Age Discrimination in Employment Act, of 1967, 29 U.S.C. § 621 et seq. (herein "ADEA"). Because this case is brought under the ADEA, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1343(4). The Court also has pendent jurisdiction over the state claim which arises under the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (herein "PHRA").

2. Venue is proper because all discriminatory practices alleged have occurred within the Commonwealth of Pennsylvania and within this judicial district.

3. All conditions precedent to jurisdiction under the ADEA and PHRA have occurred or been complied with, namely:

    a. A timely charge of employment discrimination on the basis of age and retaliation were filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commissions ("PHRC").

    b. A Notice of Right to Sue was issued by the EEOC on or about June 17, 2021.

  c. This Complaint has been filed within 90 days of receipt of the EEOC's Notice of Right to Sue.

  d. More than one year has elapsed from the filing of the complaint with the PHRC.

## PARTIES

4. Harrington is a citizen of the United States of America who at all times material hereto resided at 1129 Forsyth Place, East Liverpool, OH 43920.

5. Harrington is an "employee" within the meaning of the ADEA, 29 U.S.C. § 630(f) and within the meaning of the PHRA, 43 P.S. §954(c).

6. Defendant Comprehensive Healthcare Management Services, LLC t/d/b/a Brighton Rehabilitation and Wellness Center (herein "Brighton Rehab") is a limited liability company or corporation operating within the Commonwealth of Pennsylvania which maintains its principal offices and place of business at 246 Friendship Circle, Beaver, PA 15009.

7. At all relevant times, Brighton Rehab has been engaged in interstate commerce within the meaning of the ADEA.

8. At all relevant times, Brighton Rehab has been, and continues to be an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b) and within the meaning of the PHRA, 43 P.S. §954(b).

## STATEMENT OF FACTS

9. At all times material hereto, Harrington was an individual over the age of 40 years, having been born on November 20, 1956.

10. In or about 2008 Harrington was hired by Brighton Rehab's predecessor in interest, County of Beaver, as a Scheduler, at its long-term care and related health care services facility known as Friendship Ridge. In or about March 2014, Brighton Rehab acquired Friendship Ridge and continued to employ Harrington.

11. In or about 2016, Brighton Rehab transferred Harrington to the position of Administrative Assistant.

12. In or about August 2019, Brighton Rehab began removing duties from Harrington and reassigning such duties to younger employees.

13. In or about September/October 2019, Brighton Rehab assigned Harrington back to the scheduling office.

14. On or about Friday, January 3, 2020, Brighton Rehab informed Harrington that it was taking the department in a new direction, that it no longer needed her, that there was no other positions available for her, that she needed to empty out her desk, and to have a "Happy Friday."

15. On or about January 3, 2020, Brighton Rehab terminated Harrington's employment.

16. During her employment, Harrington was subjected to a hostile work place on account of her age, including, by way of example, but not limited to the following:

    a. In or about 2016, Brighton Rehab's then Administrator Paul Zlotolow placed a photograph purportedly of an elderly resident of the facility on Harrington's desk and commented that "This is your friend."

    b. On several occasions in 2016 Zlotolow would criticize Harrington and tell her that he wanted to get rid of her.

    c. In or about 2017, Brighton Rehab's Executive Director Sam Helper commented to her that "This is a young person's game."

    d. In or about the Spring 2018, Unit Manager Jess Mayo questioned how old Harrington was.

    e. In or about 2018, when Harrington inquired about a promotion to a manager position, Brighton Rehab's Human Resources Director Jan Kelly told her that she did not fit the profile the company was looking for and that it wanted someone younger.

    f. During 2018 and 2019, Brighton Rehab's Director of Nursing Eva Hamilton ridiculed Harrington by saying things such as she looked like a resident and she could be mistaken for a resident.

    g.    In or about January 2019, then newly-hired Administrator Robert Freed asked Harrington when she was going to retire. Harrington told him in a few years. About one week later, Freed asked Harrington why she was going to wait so long to retire. Harrington told him that she could not afford to retire earlier.

    h.    Later in 2019, Celenscak interrogated Harrington about when she was going to retire.

    i.    In or about the summer of 2019, Celenscak referred to Harrington an "old dog." Harrington informed the Director of Nursing Eva Hamilton about the comment and Hamilton merely "rolled" her eyes. Harrington then went to Human Resource Manager Ashley Ifft and told her that it was hurtful and embarrassing for Celenscak to call her that name. Ifft never took any action against Celenscak. Thereafter, Harrington sensed being excluded from normal office interactions and not informed of updates.

    j.    In or about December 2019, Brighton Rehab invited all employees, except Harrington, to its holiday party.

17. Brighton Rehab was aware of the hostile workplace created by its various managers and supervisors and failed to take appropriate steps to provide Harrington with a workplace free of such harassment.

18. Brighton Rehab subjected Harrington to terms and conditions of employment which were less favorable than the terms and conditions of employment provided to younger employees.

**COUNT I**
**AGE DISCRIMINATION - HOSTILE WORKPLACE**

19. Paragraphs 1 through 18 are incorporated herein by reference as though set forth in full.

20. By virtue of Brighton Rehab's actions, Brighton Rehab discriminated against Harrington with respect to her compensation, terms, conditions, or privileges of employment because of her age and limited, segregated, or classified her in such a way as to deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an

employee because of her age.

21. By virtue of Brighton Rehab's actions, Brighton Rehab unlawfully subjected Harrington to a hostile workplace on account of her age.

22. Brighton Rehab's discriminatory conduct was taken with malice and with reckless indifference to the federally protected rights of Harrington.

23. Brighton Rehab's discriminatory conduct has caused, continues to cause, and will cause Harrington to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

24. Brighton Rehab's discriminatory conduct has caused, continues to cause, and will cause Harrington irreparable harm through her loss of such gainful employment and through her loss of employment benefits.

## RELIEF REQUESTED

Wherefore, Harrington prays that Brighton Rehab be required to provide Harrington with all appropriate remedies under the ADEA, including:

a. Lost wages, employment benefits, and other compensation lost to her as a result of Brighton Rehab's discriminating against her on the basis of her age, and prejudgment interest;

b. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of Brighton Rehab's discriminating against her on the basis of her age;

c. Reinstatement to her former position (or to a comparable job) and back pay or, in the alternative, pay for such a job beginning on the date the position in question was filled and extending for a reasonable time into the future;

d. Reasonable attorney fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

e. Such other relief that this Court deems just and appropriate.

## COUNT II
## AGE DISCRIMINATION/RETALIATION - FAILURE TO PROMOTE, GRANT PAY RAISES, AND DISCHARGE

25. Paragraphs 1 through 23 are incorporated herein by reference as though set forth in full.

26. Brighton Rehab failed to promote, never gave Harrington a pay raise, and later terminated her employment on account of her age and in retaliation for complaining about age discrimination.

27. Brighton Rehab's discriminatory conduct was taken with malice and with reckless indifference to the federally protected rights of Harrington.

28. Brighton Rehab's discriminatory conduct has caused, continues to cause, and will cause Harrington to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

29. As a direct and proximate result of the foregoing violations of the ADEA, Harrington has sustained injury, including, but not limited to: denial of the wages and other benefits provided to employees employed by Brighton Rehab, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Brighton Rehab.

30. Brighton Rehab's discriminatory conduct has caused, continues to cause, and will cause Harrington irreparable harm through her loss of such gainful employment and through her loss of employment benefits.

### RELIEF REQUESTED

Wherefore, Harrington prays that Brighton Rehab be required to provide Harrington with all appropriate remedies under the ADEA, including:

  a. Lost wages, employment benefits, and other compensation lost to her as a result of Brighton Rehab's discriminating against her on the basis of her age, and prejudgment interest;

  b. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of Brighton Rehab's discriminating

  against her on the basis of her age;

c.   Reinstatement to her former position (or to a comparable job) and back pay or, in the alternative, pay for such a job beginning on the date the position in question was filled and extending for a reasonable time into the future;

d.   Reasonable attorney fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

e.   Such other relief that this Court deems just and appropriate.

.Harrington DEMANDS A TRIAL BY JURY.

## COUNT III
## PENDENT CLAIM UNDER PHRA

31. Paragraphs 1 through 30 are incorporated herein by reference as though set forth in full.

32. By virtue of Brighton Rehab's actions and inactions, as more fully set forth above, Brighton Rehab has discriminated against Harrington because of her age and in retaliation for having complained about such unlawful discrimination, in violation of the PHRA, 43 P.S. §955(a).

33. By virtue of Brighton Rehab's actions as described above, Brighton Rehab has violated the PHRA.

34. As a result of said violation of the PHRA by Brighton Rehab, Harrington has suffered, and will continue to suffer damages for which recovery is allowed under the PHRA, 43 P.S. §962(c).

### RELIEF REQUESTED

Harrington prays the court to grant her the following relief:

a.   Judgment in her favor and against Brighton Rehab for back pay and loss of employment benefits.

b.   Injunctive relief restraining Brighton Rehab from any further prohibited discrimination against Harrington.

c.   An award of compensatory damages in an amount to be determined at trial.

      d.      An award of punitive damages in an amount to be determined at trial.

      e.      An award of reasonable attorney's fees, including litigation expenses and costs.

      f.      Such other further relief as the Court deems just and proper, and all relief to which he is entitled under the PHRA.

Dated: August 19, 2021      /s/Domenic A. Bellisario
                                 Domenic A. Bellisario, Esquire
                                 Counsel for Plaintiff Susan A. Harrington
                                 PA I.D. No.: 28845
                                 310 Grant Street, Suite 1302
                                 Pittsburgh, PA  15219
                                 (412) 471-6463
                                 domenic@bellisario.com